THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOSE ELIAS BARBOSA, <br><br> Defendant. | CASE NO. CR20-0092-JCC-4 <br><br> ORDER |

This matter comes before the Court on Defendant's motion to reduce his sentence pursuant to Amendment 821 of the United States Sentencing Guidelines ("USSG") and 18 U.S.C. § 3582(c)(2) (Dkt. No. 1188). Having considered the briefing and the relevant record, the Court DENIES the motion for the reasons explained herein.

Defendant pleaded guilty to conspiracy to distribute controlled substances. (*See* Dkt. Nos. 378, 890.) At sentencing, the Court calculated Defendant's total offense level to be 40, with a criminal history Category I. (Dkt. No. 1034 at 1.) This resulted in a sentencing guideline range of 292 to 365 months. (*Id.*) The Court imposed a custodial sentence of 148 months. (Dkt. No. 1047 at 2.)

Defendant now asks for a reduction in sentence pursuant to Amendment 821 to the USSG. (Dkt. No. 1188 at 1.) For Defendant to qualify for such a reduction, it must be consistent with the Sentencing Commission's applicable policy statements. 18 U.S.C. § 3582(c)(2); *see*

*United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam). This includes that a sentencing court cannot reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range. 1B1.10(a)(2)(B). Nor can it reduce the offense level for certain zero-point offenders unless that offender meets certain criteria. *See* USSG § 4C1.1(a).[1]

Here, Defendant's sentencing range is not altered by Amendment 821. This is because the Court did not include any status points when calculating Defendant's criminal history category. (*See* Dkt. No. 1044 at 11.) Furthermore, Defendant fails to qualify as a zero-point offender because he (a) received one criminal history point, (b) threatened to use violence on multiple occasions, and (c) admitted to possessing firearms in connection with this offense. (Dkt. No. 1034 at 1, 4, 3.) Accordingly, Defendant's motion to reduce his sentence (Dkt. No. 1188) is

---

[1] The full list of criteria includes:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;
(2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
(3) the defendant did not use violence or credible threats of violence in connection with the offense;
(4) the offense did not result in death or serious bodily injury;
(5) the instant offense of conviction is not a sex offense;
(6) the defendant did not personally cause substantial financial hardship;
(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
(8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; decrease the offense level determined under Chapters Two and Three by 2 levels. USSG § 4C1.1(a).

*Id.*

ORDER
CR20-0092-JCC-4
PAGE - 2

DENIED.[2]

DATED this 21st day of June 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] Defendant's request for an appointment of counsel (*See* Dkt. No. 1188 at 3-4) is also DENIED. Defendant is not entitled to a right to counsel in such matters. *See United States v. Townsend*, 98 F.3d 510.512-512 (9th Cir. 1996).

ORDER
CR20-0092-JCC-4
PAGE - 3